UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RUBY ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | 4:15-CV-04180-KES<br><br><br>MEMORADUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Ruby Anderson, initiated this action against defendant, Wal-Mart Stores, Inc. Docket 1. Anderson alleges that Wal-Mart was negligent in the installation of a wheel and tire on her vehicle. *Id.* Wal-Mart moves for summary judgment arguing that Anderson cannot establish a prima facie case of negligence. Docket 27. For the following reasons, Wal-Mart's motion for summary judgment is denied.

**FACTUAL BACKGROUND**

The facts, viewed in the light most favorable to Anderson, the nonmoving party, are as follows:

As of December 7, 2014, Anderson owned a 1999 Dodge 1500 pick-up truck that she had owned for over a year after purchasing it in used condition. Docket 30-1 at 12:16-17. From the time Anderson purchased the vehicle until December 7, 2014, she did not buy any tires for the vehicle, and she did not have any problems with its existing tires. *Id.* at 12:20-25.

On December 7, 2014, Anderson brought her vehicle to the Wal-Mart store located in Watertown, South Dakota, for servicing to address a bubble in the front passenger side tire. Docket 29 ¶¶ 1-2. Initially, Anderson's plan was to have Wal-Mart replace the vehicle's front passenger side tire with the vehicle's spare tire. *Id.* ¶ 3. After observing a significant tread difference between the vehicle's front driver side tire and the vehicle's spare tire, however, it was decided that Wal-Mart would install a new tire on the front passenger side, remove the wheel and tire from the front driver side, and install the spare wheel and tire on the front driver side of the vehicle, which is what Wal-Mart did. *Id.* Upon return of the vehicle to Anderson, Wal-Mart indicated to her that the vehicle was fit to drive. Docket 1 ¶ 13. Anderson alleges that after her vehicle was serviced at the Watertown Wal-Mart on December 7th, it remained parked at her home in Brookings until December 14th.[1] Docket 29 ¶ 5.

On December 14, 2014, Anderson drove her vehicle on Interstate 29 from Brookings to Watertown at approximately 2:30 a.m. Docket 29 ¶ 6. Anderson asserts that she was wearing a seatbelt and that she was driving at or just under the speed limit. Docket 30-1 at 6:12-22. Two of Anderson's daughters were with her in the car. Docket 29 ¶ 7. About 17 miles north of Brookings,[2]

---

[1] The court infers that Anderson drove her vehicle back to Brookings on or about December 7 following Wal-Mart's service. This inference is supported by Anderson's deposition in which she stated the vehicle remained parked at her house for the week leading up to December 14 when she drove the vehicle from Brookings to Watertown. Docket 30-1 at 13:15-14:5.

[2] Plaintiff stated that the accident occurred on Interstate 29 near the exit for Estelline, South Dakota.

Anderson alleges that she heard a loud grinding noise. *Id.* ¶ 8. And within seconds, she felt the vehicle tip to the left. *Id.* Anderson then slammed on the brakes and maneuvered the vehicle from the right northbound lane to the shoulder of the left northbound lane where the vehicle came to a stop. Docket 30-1 at 7:7-8:8. At the same time, Anderson saw a wheel roll past them. Docket 28 at 2, 2 n.1. Anderson contends that when the vehicle suddenly tipped to the left, she struck her head and the left side of her body against the window of the vehicle. Docket 30-1 at 7:7-17.

Once the vehicle stopped on the shoulder of the interstate, Anderson called 911 while her daughters looked for the wheel that had rolled past them. *Id.* at 8:14-23. They were unable to find the wheel due to heavy fog. *Id.* at 9:22-25. Later the same day, Anderson and her daughters found a wheel in the median at approximately the same location on the interstate where the car came to a stop early that morning. *Id.* at 10:3-11; Docket 30-7. The wheel found in the median was subsequently evaluated by Anderson's expert and Wal-Mart's experts. *See* Docket 30-3; Docket 30-4; Docket 30-5. It is now undisputed that the wheel and attached tire that Anderson and her daughters found in the median are not the wheel and tire that were installed by Wal-Mart on Anderson's vehicle. Docket 30-7 at 1; Docket 30-5 at 21; Docket 30-4 at 2.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment

always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must inform the court of the basis for its motion and also identify the portion of the record that shows there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

The nonmoving party to a motion for summary judgement "must substantiate [her] allegations with 'sufficient probative evidence [that] would permit a finding in [her] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles Cty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (second alteration in original) (quoting *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980). "[T]he mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment . . . ." *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). "Instead, 'the dispute must be outcome determinative under prevailing law.'" *Id.* (quoting *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989)). Thus, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is not appropriate. *Anderson,* 477 U.S. at 248.

4

Because federal jurisdiction in this action is based on diversity, the court applies South Dakota substantive law. *Hammonds v. Hartford Fire Ins. Co.*, 501 F.3d 991, 996 n.6 (8th Cir. 2007) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)) ("We apply South Dakota substantive law because this diversity action was brought in the District of South Dakota, and the district court sitting in diversity applies the substantive law of the state in which it is located.").

## DISCUSSION

"An action in negligence generally requires a plaintiff to prove 'duty, breach of that duty, proximate and factual causation, and actual injury.' " *O'Day v. Nanton*, 905 N.W.2d 568, 574 (S.D. 2017) (quoting *Hamilton v. Sommers*, 855 N.W.2d 855, 861 (S.D. 2014)). Here, Wal-Mart argues that summary judgment is appropriate because Anderson cannot establish a prima facie case of negligence. Docket 27. Specifically, Wal-Mart contends that Anderson is unable to prove the elements of breach of duty and causation. *Id.* Wal-Mart does not contest the elements of duty and injury in its motion and memorandum in support of summary judgment. *Id.*; Docket 28.

### I. Breach of the Duty of Care

"[G]enerally, once a duty is established, whether a breach of that duty occurred is for the finder of fact, not for the court." *Johnson v. Matthew J. Batchelder Co., Inc.*, 779 N.W.2d 690, 694 (S.D. 2010) (citing *Casillas v. Schubauer*, 714 N.W.2d 84, 88 (S.D. 2006)). Summary judgment on the issue of breach is only appropriate " 'when reasonable [people] can draw but one conclusion from facts and inferences that they become a matter of law and this

5

rarely occurs.' " *Id.* (alteration in original) (quoting *Mitchell v. Ankney*, 396 N.W.2d 312, 313 (S.D. 1986)).

In *Mitchell v. Ankney*, the South Dakota Supreme Court reversed a circuit court's grant of summary judgment, which found no breach on the part of defendants as a matter of law. *Mitchell*, 396 N.W.2d at 313. There, the parties disputed whether a hose on defendants' porch created an unsafe condition on the property. *Id.* The Supreme Court found the jury should have determined whether defendants breached their "general duty to exercise reasonable care." *Id.* Thus, summary judgment was improperly granted by the trial court. *Id.* at 313-14.

In *Pierce v. City of Belle Fourche*, 624 N.W.2d 353 (S.D. 2001), the South Dakota Supreme Court again reversed a circuit court's order granting defendant's motion for summary judgment. There, the court first determined that, as a matter of law, defendant owed plaintiff a duty to "provide and maintain adequate tie-down ropes" to secure aircrafts that were parked at defendant's airport. *Id.* at 357. But the question of breach, the court held, was a matter for a jury because there was a dispute of fact. *Id.* at 357. The case was remanded for a factual determination of whether defendant breached its duty to the plaintiff. *Id.*

Here, a reasonable fact finder could draw more than one conclusion as to whether Wal-Mart breached its duty to act reasonably while providing services to Anderson. The report submitted by Wal-Mart's expert, Darko Babic, describes the standard procedure for wheel installation at Wal-Mart:

6

> [A]fter the wheel installation lug nut torqueing, the vehicle is taken outside and driven in a figure eight, which is then followed by another lug nut torqueing. Subsequently, the vehicle is taken outside and driven in a figure eight again, which is followed by another lug nut torqueing sequence. This means that the lug nuts at the subject Wal-Mart store are torqued three (3) times in total before the vehicle is released to the customer.

Docket 30-5 at 6. From his review of the Wal-Mart surveillance footage, Babic concluded Wal-Mart employees followed this procedure when torqueing the lug nuts on Anderson's vehicle. Docket 30-5 at 7-11. Babic also concluded that "Wal-Mart's lug nut tightening procedure . . . is conservative and above [the] standard of care . . . . There is no evidence to conclude that Wal-Mart performed installation of the left front wheel on [Anderson's vehicle] inappropriately." Docket 30-5 at 22.

Anderson's expert, Mark Mandery, however, reached a different conclusion after reviewing the same video footage as Babic. Particularly, Mandery observed the following about the safety of Wal-Mart's procedure:

> [W]hen the [Wal-Mart] technician started torqueing the left front wheel, the first lug nut he attempted to torque took at least two and a half swings of the torque wrench before he moved to the next nut. This indicates the rim wasn't fully seated on the hub, leaving a gap between them when the vehicle was lowered to the ground. When this happens, the air gap between the rim and the hub will eventually shift as the rim settles, causing a loose wheel condition between the rim and the nut. This may take several miles of driving before it will occur. In addition, the remaining four lug nuts each took more than the standard one-quarter swing as well. . . .
>
> In a situation in which a lug nut cannot be torqued in one swing, the correct procedure to ensure a safely mounted wheel is to raise the vehicle, remove the wheel, re-seat the rim on the hub, and start the tightening sequence over again. Because the technician experienced resistance with tightening the lug nuts, but failed to exercise proper care to correct the issue, *it is my opinion that the repairs on this vehicle were not performed according to industry*

7

> *safety standards and the vehicle was released to the driver as a risk and potential hazard.*

Docket 30-3 at 2 (emphasis added) (footnote omitted). Wal-Mart argues that Mandery's expert opinion is unpersuasive because the wheel and tire he examined were not the same wheel and tire that were installed by Wal-Mart. Docket 28 at 5. In dismissing Mandery's analysis, Wal-Mart fails to acknowledge that much of his opinion is based on his review of Wal-Mart's surveillance footage, which is independent of the physical evidence that Mandery examined. *See* Docket 30-3 at 2. Although the wheel that Mandery examined may have corroborated his opinions that were formed from reviewing the video, those opinions are not dependent on the physical evidence as Wal-Mart suggests.

Thus, considering the conflicting expert reports in the record, a genuine dispute of material fact exists as to whether Wal-Mart breached its duty of reasonable care when servicing Anderson's vehicle. And viewing the evidence in the light most favorable to Anderson, as the nonmoving party, reasonable people could draw more than one conclusion on the question of whether Wal-Mart's wheel replacement procedures left Anderson with a safe vehicle or a "risk and potential hazard." Thus, a question of fact exists as to whether Wal-Mart breached the duty of care it owed to Anderson.

## II. Proximate Cause

"Proximate cause is defined as 'a cause that produces a result in a natural and probable sequence and without which the result would not have occurred.'" *Hamilton v. Sommers*, 855 N.W.2d 855, 867 (S.D. 2014) (quoting

*Peterson v. Issenhuth*, 842 N.W.2d 351, 355-56 (S.D. 2014)). " '[T]he defendant's conduct [must have] such an effect in producing the harm as to lead reasonable men to regard it as a cause' of the plaintiff's injury." *Leslie v. City of Bonesteel*, 303 N.W.2d 117, 119 (S.D. 1981) (quoting *Mulder v. Tague*, 186 N.W.2d 884, 887 (S.D. 1971)).

"Questions of proximate cause are for the jury in 'all but the rarest of cases.' " *Hertz Motel v. Ross Signs*, 698 N.W.2d 532, 538 (S.D. 2005) (quoting *Fritz v. Howard Twp.*, 570 N.W.2d 240, 244 (S.D. 1997)). In *Hertz Motel*, the South Dakota Supreme Court reversed the circuit court's order granting plaintiff's motion for summary judgment. *Id.* The court ruled in favor of the defendant-appellant, because there was a genuine issue of material fact concerning whether defendant's installation of neon tube lights proximately caused the fire at plaintiff's motel. *Id.*

The South Dakota Supreme Court again reversed a circuit court's grant of summary judgment on a negligence claim in *Garrido v. Team Auto Sales, Inc.*, --- N.W.2d ----, 2018 S.D. 41. There, the court found that a grant of summary judgment was inappropriate where there was a genuine dispute of material fact of whether defendant's maintenance of a vehicle prior to plaintiffs' purchase of the vehicle was the proximate cause of plaintiffs' carbon monoxide poisoning. *Id.* ¶ 27. Thus, because there was a genuine dispute of material fact, the issue of proximate cause was remanded. *Id.*

Arguing this court should rule on causation as a matter of law, Wal-Mart relies on the South Dakota Supreme Court's ruling in *First Premier Bank v.*

9

*Kolcraft Enterprises, Inc.*, 686 N.W.2d 430 (S.D. 2004) (superseded on other grounds). There, the court held that "[c]ausation is almost always a fact question." *Id.* at 454. An exception to the general rule that prohibits the court from ruling on causation as a matter of law can be made only when " 'there are no differences of opinion on the interpretation of the facts.' " *Id.* (quoting *Estate of Gaspar v. Vogt, Brown & Merry*, 670 N.W.2d 918, 920 (S.D. 2003)). In *First Premier Bank*, the court held that the exception to the rule did not apply because differences of opinion existed as to whether defendant's product proximately caused plaintiff's injuries. *Id.* Thus, proximate cause had been properly submitted to the jury as a question of fact. *Id.* The South Dakota Supreme Court affirmed the circuit court's decision to deny defendant's motion to rule on causation as a matter of law. *Id.*

Wal-Mart argues that the exception that was recognized, but not applied, by the South Dakota Supreme Court in *First Premier Bank* applies here because there is no difference of opinion on causation. Docket 28 at 6. Wal-Mart's argument is again premised on its reading of Mandery's report as relying only on the physical evidence—the wheel and tire—that he personally examined. *Id.* at 5-6. As explained above, however, Wal-Mart misreads Mandery's report. Mandery's report identifies several facts that are relevant to causation. *See* Docket 30-3 at 2. One of these facts is Mandery's assessment that the improper wheel mounting procedure that he observed from Wal-Mart's video would likely lead to a "loose wheel condition between the rim and the nut." *Id.* Mandery further opines that it "may take several miles of driving"

10

before this condition would occur. *Id.* Here, Anderson only drove the vehicle from Watertown to Brookings where the car remained in Anderson's driveway until she drove it to Watertown again on December 14. Docket 30-1 at 13:15-14:5. Thus, under Mandery's analysis, it is not surprising that an improperly mounted wheel would not necessarily detach immediately, but would occur after several miles of driving.

Like the defendant in *First Premier Bank*, Wal-Mart fails to demonstrate that there are no differences of opinion on the interpretation of facts as they relate to causation. Wal-Mart appears to dispute Mandery's causation analysis by arguing that because Wal-Mart did not breach its duty to Anderson, it could not have factually or legally caused Anderson's harm.[3] This argument, however, does not take into account the entire record presented. Here, questions of fact exist as to whether Wal-Mart caused Anderson's injury. Thus summary judgment is denied.

## CONCLUSION

Both Anderson and Wal-Mart agree that Wal-Mart owed Anderson a duty to act reasonably while providing her with tire sales and services on December 7, 2014. But because questions of fact exist as to whether Wal-Mart breached the duty it owed to Anderson and as to whether Wal-Mart's alleged breach of its

---

[3] "In general, 'the issues of whether the defendant owed a duty to the plaintiff and whether the defendant's conduct proximately caused the plaintiff's injury are, in effect, so interrelated that they are generally treated as one in the same.' " Docket 28 at 3-4 (quoting *Goff v. Wang*, 296 N.W.2d 729, 730 (S.D. 1980)).

duty proximately caused Anderson's injuries, summary judgment is denied. Thus, it is,

ORDERED that Wal-Mart's motion for summary judgment (Docket 27) is denied.

It is FURTHER ORDERED that plaintiff's motion to proceed (Docket 40) is denied as moot.

DATED this 8th day of June, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE